## ST. PIERRE *v.* UNITED STATES.

No. 687. Argued April 15, 1943.—Decided May 3, 1943.

*Mr. Edward V. Broderick,* with whom *Messrs. S. Bertram Friedman* and *Joseph H. Broderick* were on the brief, for petitioner.

*Solicitor General Fahy, Assistant Attorney General Berge,* and *Messrs. Robert L. Stern* and *Oscar A. Provost* and *Misses Melva M. Graney* and *Beatrice Rosenberg* were on the brief, for the United States.

PER CURIAM.

Petitioner, who it is alleged had in his testimony before a federal grand jury confessed to the commission of the crime of embezzlement, refused to divulge the name of the person whose money he had embezzled. For the refusal the district court sentenced him to five months' imprisonment for contempt of court, and the circuit court of appeals affirmed the judgment. 132 F. 2d 837. We granted certiorari, 318 U. S. 751, on a petition which raised important questions with respect to petitioner's constitutional immunity from self-incrimination. In the order allowing the writ we requested counsel to discuss the question whether the case had become moot.

On the argument it was conceded that petitioner had fully served his sentence before certiorari was granted. We are of opinion that the case is moot because, after petitioner's service of his sentence and its expiration, there was no longer a subject matter 'on which the judgment of this Court could operate. A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it. *United States* v. *Alaska S. S. Co.,* 253 U. S. 113, 115–16, and cases cited; *United States* v. *Hamburg-American Co.,* 239 U. S. 466, 475–77. The sentence cannot be enlarged by this Court's judgment, and reversal of the judgment below cannot operate to undo what has been done or restore to petitioner the penalty of the term

of imprisonment which he has served. Nor has petitioner shown that under either state or federal law further penalties or disabilities can be imposed on him as a result of the judgment which has now been satisfied. In these respects the case differs from that of an injunction whose command continues to operate *in futuro* even though obeyed. *Federal Trade Comm'n* v. *Goodyear Co.,* 304 U. S. 257, 260, and cases cited.

It does not appear that petitioner could not have brought his case to this Court for review before the expiration of his sentence, and although it is said he applied for bail to the district court and to the circuit court of appeals, he did not apply to this Court for a stay or a supersedeas. The Government admits that petitioner will be required to testify again before the grand jury and that in the event of his refusal it will ask that he be committed until he answers. In that case, there will be ample opportunity to review such a judgment; and even though he be sentenced to a fixed term, the questions which he seeks to raise here may be preserved by his admission to bail, or by the grant of a stay or a supersedeas, for which he may apply to this Court if necessary. In all these respects the case differs from *Southern Pacific Terminal Co.* v. *Interstate Commerce Commission,* 219 U. S. 498, which we do not regard as controlling here.

Petitioner also suggests that the judgment may impair his credibility as witness in any future legal proceeding. But the moral stigma of a judgment which no longer affects legal rights does not present a case or controversy for appellate review. Since the cause is moot, the writ will be

*Dismissed.*