**Application of TURNER AND NEW-ALL, LTD.**

**Misc. No. 2740.**

United States District Court
E. D. Pennsylvania.

June 19, 1964.

Henry T. Reath, Philadelphia, for applicant.

Rodney O. Thorson, Dept. of Justice, Washington, D. C., for the Government.

VAN DUSEN, District Judge.

The Indictment in Criminal No. 21118 (United States v. Johns-Manville Corporation, Keasbey and Mattison Company, et al.) was filed June 1, 1962, and charged the above-mentioned corporate defendants, as well as five of their employees, with violations of the antitrust laws (15 U.S.C. §§ 1 and 2) during a period from prior to 1954 to the date of the Indictment. The general nature of the charges are described in an opinion of this court dated December 13, 1962, and reported at 213 F.Supp. 65 (E.D.Pa.1962). The trial of the two corporate defendants and the two principal individual defendants lasted from January 9 until May 21,

1964, on which date the jury returned verdicts of not guilty as to the two corporate defendants and one individual defendant, the other individual defendant having had a judgment of acquittal entered in his case at the conclusion of the Government's evidence.

Paragraph 7(a) of the Indictment reads as follows:

"7. Various corporations and individuals not made defendants herein have participated as co-conspirators in the offense charged herein, and have performed acts and made statements in furtherance thereof. These co-conspirators, some of them being unknown to the grand jurors, include, but are not limited to, the following:

"(a) Turner & Newall, Limited, with registered offices at Manchester, England. Through subsidiaries, this company is engaged, among other things, in the mining of asbestos and the manufacture of asbestos products in the United States, England, Canada, Africa and elsewhere. Through a wholly-owned Canadian subsidiary, it is the owner of all outstanding capital stock of the defendant Keasbey & Mattison."

 On May 28, 1964, Turner and Newall, Ltd. instituted this action by an application moving "the Court for an order expunging from the Indictment * * * so much of Count I, paragraph 7(a), that alleges that Turner and Newall, Ltd. participated as co-conspirators in violation of Section One of the Sherman Antitrust Act." A hearing was held on this application on June 16, 1964, at which time evidence was offered by Turner and Newall, Ltd. in support of its application. This evidence consisted of references to the notes of testimony in the above-mentioned criminal trial. An examination of the record in that trial, as received in evidence in this case, and the trial judge's recollection of the Grand Jury testimony which he examined on several occasions between the date of the Indictment and the conclusion of the above-mentioned trial on May 21, 1964,[1] require the finding that sufficient evidence has not been presented[2] in either this proceeding or in Criminal No. 21118 to support the charge in Count One, paragraph 7(a), that Turner and Newall, Ltd. participated as a co-conspirator in the offense charged in the above-mentioned Indictment.

The Government has refused to take a position as a party in this proceeding on the ground that the court has no jurisdiction whatever to entertain the application of Turner and Newall, Ltd. The court has taken under advisement the position of the Government in this proceeding and will file a supplemental

1. The Government was specifically given the opportunity at the hearing on June 16, 1964, to point out to the court (for examination by it in camera) references to the Grand Jury testimony indicating that Turner and Newall, Ltd. was a co-conspirator, since voluminous testimony before several Grand Juries is involved. The Government declined the opportunity, in accordance with its position as outlined in the next-to-the-last paragraph of this Memorandum.

Accordingly, the court bases its finding in part on the exhibits offered at the above-mentioned hearing by counsel for Turner and Newall, Ltd., particularly Exhibit T–2, which sets forth references to Turner and Newall, Ltd. in the testimony in Criminal No. 21118; T–3, an affidavit, Document 1 in Misc. No. 2005, as to the relationship between Keasbey and Matti-son Company and Turner and Newall, Ltd.; and T–5, a financial report of Turner and Newall, Ltd. The Government chose not to challenge these exhibits and not to point out anything in the record bearing on the application.

2. The trial judge referred to the evidence as "not sufficient," rather than finding "no evidence," in view of his recollection of the record in Criminal No. 21118 and in the absence of a reference by either counsel to all the correspondence between Turner and Newall, Ltd. and Keasbey and Mattison Company received in evidence in that proceeding. That finding that there is insufficient evidence to support paragraph 7(a) of the Indictment is supported by the brief, attached to this Memorandum, of counsel for Turner and Newall, Ltd., as well as by the exhibits such counsel submitted.

memorandum and order ruling on the Government's contention of lack of jurisdiction.

While the facts are reasonably fresh in the mind of the trial judge, the foregoing finding (last sentence of 2nd preceding paragraph) is being entered. This Preliminary Memorandum will give the Government and any other interested party full opportunity to challenge the finding contained in the last sentence of the 2nd preceding paragraph if either the Government or any interested party should care to do so. If no Motions challenging this finding are filed within 30 days, the Clerk will be directed to attach to paragraph 7(a) of the Indictment a reference to this finding so that the court's records will not improperly reflect on a corporation which is entitled to the presumption of innocence.

### ORDER AFFIRMING JURISDICTION

And now, July 22, 1964, it is ordered that this court has the jurisdiction (a) to make the finding at pages 2–3 of the Preliminary Memorandum filed June 19, 1964, and (b) to provide for an appropriate notification to the public to be attached to paragraph 7(a) of the Indictment in Criminal No. 21118, as specified in the last sentence of that Preliminary Memorandum.

### Supplemental Memorandum

█ Although this applicant is not a non-profit corporation conducted by dedicated scientists with democratic procedures (see Exhibit A–95 in Misc. No. 2699) such as the applicant in Misc. No. 2699, the record requires the above order for the basic reasons contained in the Memorandum Opinion of July 20, 1964, in Application of American Society for Testing and Materials, Misc. No. 2699, D.C., 231 F.Supp. 686.

The following cases relied on by the Government at the hearing are quite different in their facts from this case and, hence, are not persuasive: United States v. Alaska SS. Co., 253 U.S. 113, 40 S.Ct. 448, 64 L.Ed. 808 (1920); United States v. Hamburg-American Co., 239 U.S. 466, 475–476, 36 S.Ct. 212, 60 L.Ed. 387 (1916); St. Pierre v. United States, 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199 (1943).[1] This case involves the imputation of illegality, up to June 1, 1962, and inferentially thereafter, to the applicant in a document of record, which is not a moot question as far as the applicant is concerned. The Memorandum and finding of June 19, 1964, are based upon a specific record in a real and substantial controversy. See Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 240–241, 57 S.Ct. 461, 81 L.Ed. 617 (1937). The fact that the Government declined to appear as an active adversary, except on the issue of jurisdiction, should not deprive applicant of relief.

The above notification will be detachable so that it can be removed if this Indictment is submitted to a jury in the trial of any untried defendants.

1. The court made clear in this case, at p. 43, 63 S.Ct. at p. 911, that:

"It does not appear that petitioner could not have brought his case to this Court for review before the expiration of his sentence, * * *. The Government admits that petitioner will be required to testify again before the grand jury and that in the event of his refusal it will ask that he be committed until he answers. In that case there will be ample opportunity to review such a judgment; and even though he be sentenced to a fixed term, the questions which he seeks to raise here may be preserved by his admission to bail, or by the grant of a stay or a supersedeas, for which he may apply to this Court if necessary. * * *

"Petitioner also suggests that the judgment may impair his credibility as witness in any future legal proceeding. But the moral stigma of a judgment which no longer affects legal rights does not present a case or controversy *for appellate review.*"

(Emphasis supplied.)