Oscar **DANCY**, Jr., Appellant,

v.

**UNITED STATES of America,**
Appellee (two cases).
**Nos. 18366, 18716.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 31, 1965.

Decided Oct. 14, 1965.

Modified Feb. 11, 1966.

Petition for Rehearing En Banc
Denied May 10, 1966.

---

Mr. Bernard M. Beerman, Washington, D. C., with whom Messrs. Newell A. Clapp and Andrew W. McThenia, Jr., Washington, D. C. (all appointed by this court) were on the brief, for appellant in No. 18366.

Mr. Benjamin G. Habberton, Washington, D. C., with whom Mr. Charles M. Fistere, Washington, D. C. (both appointed by this court) was on the brief, for appellant in No. 18716.

Mr. John R. Kramer, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., at the time the brief was filed, and Frank Q. Nebeker, Robert X. Perry and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and FAHY, Circuit Judge.

FAHY, Circuit Judge:

*No. 18716.* This appeal challenges a judgment based on convictions of violating the narcotic laws, 21 U.S.C. § 174, 26 U.S.C. §§ 4704(a), 4705(a), the three convictions growing out of one alleged sale of a narcotic drug, which appellant denied he made. He was sentenced to 5, 10, and 10 years, the sentences to run concurrently, and has served about 1 year and 11 months. The contentions for reversal are primarily (1) denial of the right to counsel and (2) failure of counsel or trial court to raise the defense of insanity.

■ On April 1, 1963, appellant was brought from jail to the United States Commissioner for a preliminary hearing. He had been confined in jail since February 4, 1963, on a totally different charge subsequently dismissed. As an indigent he was entitled to assigned counsel to assist him at the preliminary hearing; Blue v. United States, 119 U.S.App. D.C. 315, 342 F.2d 894, cert. denied, 380 U.S. 944, 85 S.Ct. 1029, 13 L.Ed.2d 964; but he was not advised of this right. As the government states in its brief, he should have been informed by the Commissioner that if he desired a lawyer and was unable to retain one, the Commissioner could assign one to represent him. 2 D.C.Code § 2202; Blue v. United States, *supra.* Had counsel been assigned the hearing might have been postponed to enable counsel to prepare; cross-examination might have been helpful on the issue of probable cause and, later, on the issue of guilt or innocence; the development of appellant's version of the facts might have been furthered. The need for professional assistance in this case is underscored by appellant's jail confinement for about two months prior to the preliminary hearing.[1] With counsel he might have been at liberty on bail.[2]

■ The question remains, however, as it did in *Blue,* whether now, after he has been indicted, tried, and convicted, there is any appropriate remedy for the deprivation referred to. In *Blue* we held for the reasons there stated that neither dismissal of the indictment nor reversal of the conviction, with a new trial permitted, was required in the factual circumstances there presented. An alternative remedy was adopted prospectively. In future cases relief by habeas corpus or mandamus prior to trial would be available to obtain a preliminary hearing with counsel. It does not follow, however, that since no relief was afforded to Blue himself none should be afforded appellant. In this respect each case must rest upon its own facts.

■ The trial in this case was held before our decision in *Blue,* so that counsel did not have its guidance as to the prospective remedy *Blue* established. And it is important also to note that in *Blue* itself the court searched the record for prejudice, finding none. We find prejudice here. In addition to what we have already said as to this, defense counsel's conduct of the cross-examination of witnesses at the trial reflects a tentative and probing approach due to his ignorance of certain doubtful areas in the government's proof which might well have been known to him had he been able to participate in the preliminary hearing. At trial he attempted to capitalize on the contradictory testimony as to markings on the material evidence,

---

1. While in jail he claims he had been advised by a member of the Metropolitan Police Department that no narcotic charge was pending against him.

2. The loss of liberty was itself held to be prejudicial in Wood v. United States, 75 U.S.App.D.C. 274, 128 F.2d 265, 141 A. L.R. 1318, as construed by this court in Ricks v. United States, 118 U.S.App.D.C.

216, 334 F.2d 964, note 2, at pp. 966–967; and see Rankin, The Effect of Pretrial Detention, 39 N.Y.U.L.Rev. 641, 642 (1964). And it is now settled that the indictment of appellant which occurred after the preliminary hearing did not cure the defect in the proceedings attributed to the absence of counsel at the hearing. Blue v. United States, *supra,* 342 F.2d at 900.

but his effort was hampered by the difficulty he experienced in making this discovery during the trial itself. His absence at the preliminary hearing deprived counsel of the opportunity to make a clear presentation of the matter to the jury.

■ Congress had given defendants the right to counsel which Dancy was not given the opportunity to enjoy. There was a failure by the public authority, the Commissioner, to follow the law enacted by Congress. It accordingly becomes the duty of this court, since its jurisdiction of the case is properly invoked, to do what can reasonably be done to correct a situation which has prejudicially affected one whose important right has not been accorded. However unintentional the failure to accord it may have been, the effect upon the accused is the same as if the failure had been intentional.

■■ We cannot directly rectify the matter now; that is, we cannot obtain counsel at the preliminary hearing which has already occurred. Yet if no remedy is available the Act of Congress can be disregarded and set at naught with impunity. We do not agree with appellant, however, that he is entitled to have the indictment dismissed. Disregard of his right to counsel does not require that he be absolved of the charges. A balanced solution we think is to grant a new trial as "just under the circumstances," the standard set by 28 U.S.C. § 2106.[3]

We are fortified in reaching this solution by the grave uncertainty created by the record as to appellant's mental responsibility. His insanity defense was rejected by the jury in the assault case hereinafter discussed and, for that reason no doubt, was not advanced in this narcotics case. Nevertheless, his counsel on the present appeal feels so strongly that the insanity defense should have been raised that he urges us to reverse the conviction because the defense was not raised either by trial counsel or by the trial court *sua sponte*. We do not reverse on that ground, but in our endeavor to reach a remedy that is "just under the circumstances" for the prejudicial failure to accord the accused his statutory right to counsel—leaving aside whether this is a constitutional right at the preliminary hearing—we take into consideration the question of appellant's mental condition. This may be probed further, if desired, should the case be retried.

*No. 18366.* This appeal is from a conviction of assault on a member of the Metropolitan Police Force, in violation of 22 D.C.Code § 505(a). Appellant has served his sentence for this offense, which was imprisonment for 45 days to six months. Since we nevertheless hold, for reasons later stated, that the case is not moot, we consider the merits. The contentions again are twofold, that appellant was without counsel at crucial times when entitled to have counsel assigned to him, and, secondly, insanity. At the preliminary hearing on the narcotic charges, above discussed, conducted without counsel or opportunity to obtain assigned counsel, appellant engaged in conduct resulting in the charge of assault on an officer who was a witness testifying against him on the narcotic charges.[4] He was later indicted and tried for assault, and we now consider his consequent conviction.

■ It is contended by the United States that the absence of counsel at the preliminary hearing on the narcotic charges furnishes no ground for reversal of the assault conviction. This seems to us to amount to a contention, which we

---

3. § 2106. Determination

The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

4. This occurred spontaneously in the course of appellant's unskilled attempt to cross-examine, a situation that the presence of counsel probably would have avoided.

cannot accept, that even if appellant were prejudiced by denial of his statutory right there can be no remedy. To borrow a maxim from the civil side of the common law, where there is a wrong done, with injury, there is a remedy. Appellant has a history of instability. He became engaged in an adversary proceeding in which the law contemplated he could have professional assistance. This law was disregarded. It is probable that had his right to assigned counsel been observed the conduct which led to the charge of assault would not have occurred. We need not, however, decide the present appeal on this ground alone; for appellant was not given a preliminary hearing at all on the assault charge, with or without counsel; and after his indictment for assault he was arraigned for that offense, without counsel. Counsel who could actually represent him was not appointed until some 43 days after the indictment.[5] During all this time he was in jail on a charge which was later dismissed, as stated in No. 18716 above.

We cannot engage in the tenuous speculation that he was not prejudiced by the serious defects in the proceedings which we have noted.[6]

█ The combination of factors we have set forth must be considered with the fact that the assault trial, held prior to our decision in *Blue*, proceeded without a prior judicial decision that lack of counsel at the preliminary hearing was a denial of a right accorded by Congress. The absence of counsel was not a legal justification for the assault. It was,

however, a factor which defendant had a right to bring to the attention of the jury in presenting the entire setting of his offense. In all the circumstances we think reversal with a remand for a new trial is in the interest of justice.

Appellant requests dismissal of the indictment and the Government opposes this. We have decided that dismissal would not be appropriate. We do not understand the Government's position to indicate, however, that it will press for another trial in the circumstances of the case, especially since appellant has served fully the sentence imposed after the conviction we now reverse.

█ In reaching the foregoing conclusion we necessarily decide that the case is not mooted by the fact that appellant has served his sentence. The crime of which he was convicted, 22 D.C. Code § 505(a), is a felony. Such a conviction deprives a person of specific civil rights in the District of Columbia, 1 D.C.Code § 1102(2)(c), and affects the punishment should he entail another felony conviction. 22 D.C.Code § 104. And see Fiswick v. United States, 329 U.S. 211, 222, 67 S.Ct. 224, 91 L.Ed. 196; Pollard v. United States, 352 U.S. 354, 358, 77 S.Ct. 481, 1 L.Ed.2d 393 with its *cf.* reference to St. Pierre v. United States, 319 U.S. 41, 43, 63 S.Ct. 910, 87 L.Ed. 1199. In *St. Pierre,* where the sentence which had been served was for contempt of court, in holding the case moot the Court said, "petitioner [has not] shown that under either state or federal law further penalties or disabili-

---

5. Other counsel was appointed 10 days after the arraignment but had withdrawn.

6. Compare Shelton v. United States, 120 U.S.App.D.C. 65, 343 F.2d 347, where we found "no basis in the record for an informed speculation that the trial itself was in any way prejudicially affected by the absence of counsel at the preliminary hearing"; McGill v. United States and Hinton v. United States, 121 U.S.App. D.C. 179, 348 F.2d 791, where acceptance of plea of not guilty prior to assignment of counsel was not fatal to the validity of the conviction since in those cases "there is no reasonable possibility of prejudice

* * *"; Crump v. Anderson, 122 U.S. App.D.C. 173, 352 F.2d 649, where the accused was indicted without a preliminary hearing having been held. The question was whether on his petition for writ of habeas corpus he was nevertheless entitled to a preliminary hearing prior to trial. Unlike *Blue*, where the accused, without counsel, had waived a preliminary hearing, Crump was not without counsel after indictment and prior to arraignment: "Crump, unlike Blue, had not been deprived of his right to counsel." 122 U.S.App.D.C. at p. 180, n. 20, 352 F.2d at p. 656, n. 20.

ties can be imposed on him as a result of the judgment which has now been satisfied." This cannot be said of the present case.[7]

Reversed and remanded.

---

**7.** Judge Washington's opinion in Coleman v. United States. 115 U.S.App.D.C. 191, 195, 317 F.2d 891, 895, involved only a misdemeanor.