**Enrique NAVARRO, Individually and as President of Local 2, International Union of Police and Protection Employees-Independent Watchmen's Association, and on Behalf of All Members Similarly Situated, Plaintiffs,**

v.

**John J. GANNON, Individually and as President of Independent Watchmen's Association, Defendants.**

**No. 67 Civ. 686.**

United States District Court
S. D. New York.

April 13, 1967.

Heller & Pierce, New York City, for plaintiffs.

Wilfred L. Davis, New York City, for defendants, Joy M. Holz, and Jerome H. Shapiro, New York City, of counsel.

METZNER, District Judge.

Plaintiff, individually, and as president and on behalf of all members of Local 2 of the International Union of Police and Protection Employees-Independent Watchmen's Association (Local 2), has moved pursuant to Fed.R.Civ.P. 65 for a preliminary injunction to restrain defendant Gannon, individually and as president of the Independent Watchmen's Association (Independent), from taking actions said to be violative of certain sections of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. §§ 411–413 and 529. A temporary restraining order was entered in this case by Judge Motley on February 16, 1967. Circuit Judge Anderson refused to vacate that order on February 18, 1967. There is a cross-motion by defendants to dismiss the complaint for lack of subject matter jurisdiction, failure to state a claim on which relief can be granted and on the ground that the controversy is moot.

Plaintiffs seek to enjoin defendants from:

1) Taking disciplinary action against Local 2, its members, officers and officials without first rendering a written specification of charges and giving a reasonable time to prepare a defense and afford a full and fair hearing thereon.

2) Assuming control of any meetings of Local 2.

3) Doing any act which shall have the effect of arbitrarily depriving the members, officers and officials of Local 2, in violation of the constitution of the Independent, bylaws and charter of Local 2, from nominating candidates, voting in elections or referendums, attending membership meetings and participating in the deliberations and voting upon the business of such meetings.

4) From interfering with the selection of counsel by Local 2.

5) From directly or indirectly, in violation of said constitution, bylaws and charter, hindering or interfering with the right of members to meet and assemble freely with other members.

6) From preventing the expression at meetings of Local 2 views upon any business properly before the meeting.

7) From denying the right of duly elected officers and officials of Local 2 to preside over the meeting.

Plaintiffs' claim is based solely on a letter dated February 9, 1967 sent to the members of Local 2 by direction of the president of Independent, John J. Gannon. That letter does not deal with any action contemplated under item 1 or the first part of item 3 above. However, it indicates that Independent is cognizant of problems existing in Local 2 and "the I.W.A. now finds it necessary to furnish information, to take action and make recommendations as to how the membership may protect themselves and their Local." The letter further reflects Independent's displeasure with the appointment of counsel for the Local by the officers of the Local. The letter concludes with a statement that at the Local 2 meeting to be held February 19, 1967 the president has directed that:

"1. First Vice-President Kirby attend your next stated meeting called for February 19, 1967 and act as chairman of such meeting.

"2. Secretary-Treasurer McFaun and Sergeant-at-Arms Mancini attend such meeting and assist Vice-President Kirby in conducting same.

"3. Secretary-Treasurer McFaun be appointed to take true and exact minutes of such meeting.

"4. No counsel be permitted to attend this meeting."

Because of the temporary restraining order, these events did not transpire

Jurisdiction of this action is predicated on 29 U.S.C. § 412, which provides:

"Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate."

The court has subject matter jurisdiction, and we turn to the question of whether plaintiffs have asserted a legally sufficient claim.

Plaintiffs rely principally on 29 U.S.C. § 411(a) (1) [1] (2) [2] and (5) [3] and 29 U.S.C. § 529.[4] There is nothing in the papers to sustain any alleged violation of section 411(a) (5).

Plaintiffs demonstrate that article IX, section 1, of Independent's constitution, providing for the powers of officers of Independent, gives the president power only to *attend* meetings of the Local. No officer of Independent, including the president, is given power to preside at such meetings. Article V of the bylaws of the Local (which have been approved by Independent) states that the Local's president shall preside at all meetings of the Local. In this connection, article XI, section 4, of Independent's constitution ("Government of Local Unions") provides that the president of the Local Union shall preside at all meetings of the Local unless the bylaws provide otherwise. The direction by defendants that Mr. Kirby preside and chair the Local 2 meeting would appear to be ultra vires the union constitution and Local bylaws. Article IX, section 3, of the constitution provides for the powers and duties of Independent's secretary-treasurer. He is not given power to record the minutes of a Local Union meeting. Article V of the Local's bylaws gives this power to the recording secretary of the Local. Defendants' order directing Independent's secretary to take minutes of the meeting would also seem ultra vires. Similarly the sergeant-at-arms of Independent is not empowered to maintain order at a meeting of a Local. Article IX, section 4, of the constitution does not give him

1. 29 U.S.C. § 411(a) (1):
"Equal rights.—Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws."

2. 29 U.S.C. § 411(a) (2):
"Freedom of speech and assembly.— Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: *Provided*, That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations."

3. 29 U.S.C. § 411(a) (5):
"Safeguards against improper disciplinary action.—No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."

4. 29 U.S.C. § 529:
"Prohibition on certain discipline by labor organization
"It shall be unlawful for any labor organization, or any officer, agent, shop steward, or other representative of a labor organization, or any employee thereof to fine, suspend, expel, or otherwise discipline any of its members for exercising any right to which he is entitled under the provisions of this chapter. The provisions of section 412 of this title shall be applicable in the enforcement of this section."

this power, and article V of the Local's bylaws confers the power upon a Local officer.

■ The plan of the Labor-Management Reporting and Disclosure Act was to allow unions to set up their own self-government. In matters concerning meetings of the union which relate to rights of freedom of speech and assembly protected by 29 U.S.C. § 411(a) (1) and (2), it is certain that the union should be bound by its own constitution and by-laws. See H.Rep.No.741, 86th Cong., 1st Sess. 7 (1959), U.S.Code Cong. & Admin. News, 1959, p. 2424. Cf. Simmons v. Avisco, Local 713, Textile Workers Union, 350 F.2d 1012 (4th Cir. 1965) (union could not discipline its members except for offenses stated in its constitution and bylaws); United Nuclear Corp. v NLRB, 340 F.2d 133, 137 (1st Cir. 1965) (union officers could not by their own action create members not authorized by the body of the membership or the constitution).

While no specific provision of the constitution or bylaws as to whether or not counsel can be excluded from meetings has been cited by plaintiffs, an order denying the Local the right to have counsel present at its meetings may still violate 29 U.S.C. § 411(a) (1) and (2). Our circuit court has stated that the purpose of these sections is to assure that "unions be democratically governed and toward that end discussion should be free and untrammeled * * *." Salzhandler v. Caputo, 316 F.2d 445, 451 (2d Cir.), cert. denied, 375 U.S. 946, 84 S.Ct. 344, 11 L.Ed.2d 275 (1963).

The papers submitted by both parties indicate that certain differences in policy exist between the officers of Local and Independent. Legal questions are intrinsic to these disputes. Prohibiting the attendance of counsel selected by the Local could prevent adequate and full discussion.

■ Defendants question the standing of an officer of the Local to bring this action. They argue that 29 U.S.C. § 411 does not protect the rights of officers. The Local's president has, however, brought this action also as an individual member of the union. Further, cases indicate that the guarantees of 29 U.S.C. § 411(a) (1) and (2) are extended to officers as well as members. Grand Lodge of Int'l Assn. of Machinists v. King, 335 F.2d 340, 346 (9th Cir.), cert. denied, 379 U.S. 920, 85 S.Ct. 274, 13 L.Ed.2d 334 (1964); see Salzhandler v. Caputo, supra.

■ Defendants place their greatest emphasis on their contention that the matter before the court is now moot. The February 19 meeting has come and gone and the conduct sought to be restrained did not occur. However, there was a temporary restraining order of this court preventing such action in existence at the time. Defendants argue that there was no illegal conduct contemplated by the letter of February 9. Independent President Gannon states:

> "The letter of February 9th, 1967 was designed to protect Union members in the exercise of their rights without slanting the meeting in favor of any party."

Then he states, somewhat at counterpoint, that since the meeting has passed the remaining issues "are that the International is being asked, in general terms, to observe the law." This latter statement is correct. Nowhere in his affidavit does defendant Gannon clearly state that the action contemplated in the February 9 letter will not occur again, nor would his counsel on oral argument give such assurances. Forcing plaintiffs to return to court for successive temporary restraining orders on precisely the same facts would seem a burden both on plaintiff and the court. Lanigan v. Local 9, Int'l Bhd. of Elec. Workers, 327 F.2d 627 (7th Cir.), cert. denied, 377 U.S. 979, 84 S.Ct. 1885, 12 L.Ed.2d 747 (1964), relied on by defendants, is not to the contrary. In *Lanigan* the plaintiffs sought to enjoin certain penalties that had already been imposed on them. As the court stated, "There was nothing to enjoin." 327 F.2d at 629. The court clearly recognized an injunction was proper

when "cessation of illegal conduct did not diminish the risk of future similar conduct * * *." 327 F.2d at 629. That is the situation here.

Ordinarily a hearing at which testimony is taken would be the procedure to be followed in determining this application for a preliminary injunction. However, the issues presented by the papers revolve around the written communication dated February 9, 1967. On its face the action contemplated is violative of sections 411(a) (1) and (2). Motion granted. Settle order.