**UNITED STATES of America**

v.

**C. Norman DRISCOLL et al.**

**Application of ESTATE of Richard L. TECOTT, Deceased.**

**Crim. No. 77–442(VPB).**

United States District Court,
D. New Jersey.

Feb. 14, 1978.

See also, D.C., 445 F.Supp. 864.

Zarin & Maran by Joseph Maran, Jr., Newark, N. J., for the Estate of Richard L. Tecott, deceased.

Robert J. Del Tufo, U. S. Atty. by Edwin R. Matthews, Asst. U. S. Atty., Newark, N. J., for the United States.

OPINION

BIUNNO, District Judge.

The Estate of Richard L. Tecott, deceased, has moved in this criminal case, to expunge the name of Tecott from the indictment.

The indictment, which is in 80 counts, charges three named defendants with conspiracy, 18 U.S.C. § 371, and with substantive offenses. The conspiracy charge alleges that the named defendants acted in concert with each other and with Tecott, who is named as an unindicted co-conspirator, and others.

■ There is a question whether the Estate of Tecott can bring the matter on by motion in the criminal case, to which it is not a party since Tecott is not a named accused and no verdict as to him can be returned by the jury. It appears that a separate action may be required. See, *Application of A. S. T. M.*, 231 F.Supp. 686, at 687, stip (3) (D–Pa., 1964), which was processed as a civil action on the Miscellaneous Docket.

Since the case is marked "Ready-Hold", awaiting completion of several cases ahead of it, the court sees no reason to put the Estate of Tecott to further expense, or to the risk that if it be entitled to the remedy sought the criminal trial will be ended before the civil case can be reached. That would make the remedy a will-o-the-wisp. The procedural aspect will be disposed of as though a complaint had been filed and a motion made for mandatory injunction, so that the merits can be decided now.

■ On the merits, it seems clear that the application must be denied. None of the cases relied on involve a situation, like that here, where the person named as an

unindicted co-conspirator simply cannot be indicted and tried.[1]

The question here does not involve a "presentment", or report in which criticism is levelled without any indictment having been returned. There is only an indictment here, which makes charges against three individuals, including the charge that they conspired with Tecott.

The situation here involves other considerations of greater weight than those advanced by the Estate. Obviously, if the motion were granted, the charge would need to be amended to read that the defendants conspired with a person "known to the Grand Jury", but not named. In that event, whether by demand for particulars, or by discovery, or through evidence adduced at trial, it would be brought out sooner or later that the known but unnamed person was Tecott. Since criminal trials are public trials, the identification of Tecott would become public information one way or another. Since nothing would be gained or accomplished by deleting his name from the indictment, the order sought would be a futile act.

There are many reasons why a person might be named as an unindicted co-conspirator. Sometimes, he has been charged by a separate indictment or information in the same or another District. Sometimes a decision has been made to secure an order to compel his testimony, pursuant to 18 U.S.C. § 6001, et seq., as a result of which his testimony cannot be used against him. These are the most common reasons.

Another reason, which arises much less frequently, is when the named co-conspirator simply cannot be charged by indictment and tried. One instance is when the unindicted co-conspirator enjoys diplomatic immunity.[2] Another, as here, is when the unindicted co-conspirator has died before the indictment was returned by the Grand Jury.

Accordingly, since the grant of the application would not accomplish its purpose, and since there is an obvious and rational basis to fail to indict the named co-conspirator, the application must be denied on the merits.

---

1. The decisions relied on are, mainly,

   *U. S. v. Briggs*, 514 F.2d 794 (CA–5, 1975); *App'n of A. S. T. M.*, 231 F.Supp. 686 (D–Pa., 1964);

   *App'n of Turner, etc.*, 231 F.Supp. 728 (D–Pa., 1964);

   *App'n of Jordan*, 439 F.Supp. 199 (D–W.Va., 1977).

   Other cases, involving Grand Jury "reports", are clearly inapplicable since the question here involves an actual indictment.

2. A recent example is the naming of Dinh Ba Thi, the chief delegate of Vietnam to the United Nations, as an unindicted co-conspirator in an indictment by a federal Grand Jury in Washington. See, N. Y. Times, February 4, 1978, p. 1, col. 2.