**Alta BUMPUS, et al.,
Plaintiffs-Appellants,**

v.

**Donald E. CLARK, et al.,
Defendants-Appellees.**

No. 77–2883.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 1980.

Reassigned May 10, 1982.

Decided March 29, 1983.

Farris, Circuit Judge, filed dissenting opinion.

Michael H. Marcus, Portland, Or., for plaintiffs-appellants.

John B. Leahy, Portland, Or., for defendants-appellees.

Before HUG, FLETCHER and FARRIS, Circuit Judges.

ORDER

The petition for rehearing is denied. The opinion of this court *Bumpus v. Clark,* 681 F.2d 679 (9th Cir.1982), is withdrawn and the case is remanded to the district court with direction to dismiss the case as moot. *Great Western Sugar Co. v. Nelson,* 442 U.S. 92, 93, 99 S.Ct. 2149, 2150, 60 L.Ed.2d 735 (1979); *see United States v. Munsingwear, Inc.,* 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950). Our opinion was filed on July 16, 1982. The appellants (plaintiffs below) were all residents of Edgefield Manor, a nursing home operated by Multnomah County, Oregon. Edgefield Manor was closed by the County on April 20, 1982. All residents were removed prior to closure. The totality of the relief appellants sought was related to the threatened

closure of Edgefield Manor. Both the subject matter of the action and the plaintiff class (as alleged and certified) were inextricably tied to the existence and continued operation of Edgefield Manor. No decree by the district court granting injunctive or declaratory relief can undo the closure, specify procedures for closing, or prevent the transfer of plaintiffs. Plaintiffs did not request reopening of the home. No relief requested by plaintiffs can be granted. The court is without power "to decide questions that cannot affect the rights of litigants in the case before [it]." *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). We have no article III jurisdiction over cases in which the district court has lost the power to grant relief if the appellate court were to reverse the judgment. *E.g., St. Pierre v. United States,* 319 U.S. 41, 42–43, 63 S.Ct. 910, 911, 87 L.Ed. 1199 (1943); *Friends of the Earth, Inc. v. Bergland,* 576 F.2d 1377, 1378–79 (9th Cir.1978).

The full court has been advised of the suggestion for an en banc rehearing and no judge of the court has requested a vote on the suggestion for rehearing en banc. Fed. R.App. 35(b). The suggestion for a rehearing en banc is hereby denied.

FARRIS, Circuit Judge, dissenting:

During the months that this matter was under submission, the nursing home was closed and the surviving plaintiffs were transferred to other facilities. I agree with the majority's conclusion that "[n]o decree by the district court granting injunctive or declaratory relief can undo the closure, specify procedures for closing, or prevent the transfer of plaintiffs." In spite of this, the case is not moot. These same plaintiffs may well be subjected to a similar closure and involuntary transfer to yet another institution. The issues as to their status and rights within the Medicaid program have not been mooted by the closing of Edgefield Manor.• The situation is "capable of repetition yet evading review." *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911). In so concluding, I

do not ignore *Security Bancorp v. Board of Governors of the Federal Reserve System,* 655 F.2d 164 (9th Cir.1979), *vacated* 454 U.S. 1118, 102 S.Ct. 962, 71 L.Ed.2d 105 (1981).

I therefore respectfully dissent from the decision to withdraw the opinion.