42 F.3d 1392
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John J. PULVER, Defendant-Appellant.
 No. 94-2498.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 3, 1994.
Decided Dec. 12, 1994.
 
 Before COFFEY, PRATT* and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Defendant John Pulver worked as a truck driver for a private company that contracted with the United States Postal Service to pick up and deliver mail in rural Wisconsin. On April 14, 1994, Pulver plead guilty to one count of unlawful possession of stolen mail in violation of 18 U.S.C. Sec. 1708 after he was caught stealing mail he had been carrying. The district court calculated Pulver's offense level under the sentencing guidelines at six: base offense level four for possessing stolen property, Sec. 2B1.1(a); a two-level increase because the offense involved the taking of United States mail, Sec. 2B1.1(b)(4); a two level increase for abuse of a position of public or private trust, Sec. 3B1.3; and a two-level reduction for acceptance of responsibility, Sec. 3E1.1. The district court sentenced Pulver to three months imprisonment, imposed a two-year term of supervised release, and required Pulver to pay $58.04 in restitution and a $50.00 criminal fine.
 
 
 2
 Pulver now challenges both the sentence and the imposition of the supervised release. He argues that the district court improperly applied the two-level increase for abuse of trust. Pulver also contends that the district court violated Fed.R.Crim.P. 32.1(b) because the court had originally given him a one-year term of supervised release and then modified that term by adding another year two days later without giving Pulver notice or an opportunity to be heard.
 
 
 3
 Both of Pulver's arguments fail. With regard to the sentence, Pulver has already served his three months in prison. Because any decision we might render regarding the enhancement could not affect his sentence or have any collateral legal consequences,[1] the appeal of the enhancement is moot. St. Pierre v. United States, 319 U.S. 41, 42 (1943) (per curiam ); Sibron v. New York, 392 U.S. 40, 53-57 (1968); D.S.A. v. Circuit Court Branch 1, 942 F.2d 1143, 1145-46 (7th Cir.1991), cert. denied, 112 S.Ct. 1196 (1992). With regard to the supervised release, the court's initial choice of a one-year term was clear error. For a Class D felony, which is what Pulver committed, the sentencing guidelines permit a court to impose either no supervised release or two to three years. U.S.S.G. Secs. 5D1.1(b), 5D1.2(b)(2). The record clearly indicates that the judge intended to require some supervised release, and the two-year term was the minimum the court could have imposed. The court was entitled under Fed.R.Crim.P. 35(c) to correct a technical mistake within seven days of the sentencing, and we believe the decision to give Pulver one year rather than two was just such a mistake.
 
 
 4
 For the foregoing reasons we affirm the district court's sentence.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The Honorable George C. Pratt of the United States Court of Appeals for the Second Circuit is sitting by designation
 
 
 [1]
 The government also argued that the enhancement for abuse of a position of trust makes no difference because offense level four, like level six, has a sentencing range of 0-6 months and because Judge Shabaz had indicated that he would have given Pulver the same sentence even if the enhancement had not applied. Since Pulver has already served the prison sentence, we express no opinion on these arguments either
 Taking a different tack, Pulver's suggested at oral argument that the sentencing issue is not moot on the theory that the district court might have different opinion on supervised release if the enhancement did not apply. We disagree.