[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 12, 2007
THOMAS K. KAHN
CLERK

No. 06-16500
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 06-01166-CV-ORL-28JGG

ALLEN SANDE,
LISA SANDE,

                                                          Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA,

                                                           Defendant-Appellee.

----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

----------------------------------------------------------------

**(December 12, 2007)**

Before EDMONDSON, Chief Judge, ANDERSON and BARKETT, Circuit
Judges.

PER CURIAM:

Plaintiffs-Appellants Allen and Lisa Sande appeal the dismissal of their complaint for a declaratory judgment about the scope of authority of the Taxpayer Advocate Service ("TAS").[1] No reversible error has been shown; we affirm.

Plaintiffs' complaint alleged that the IRS notified Plaintiffs that it was filing a lien against Plaintiffs' property because of a dispute over Plaintiffs' past tax payments. Plaintiffs assert that they contacted TAS and that Belinda Revel-Addis, a Local Taxpayer Advocate in Florida, determined that the IRS's lien against Plaintiffs was inappropriate. According to Plaintiffs, Revel-Addis requested that the IRS remove its lien against Plaintiffs' property; but the IRS refused to do so. Plaintiffs allege that Revel-Addis explained to Plaintiffs that, pursuant to the Internal Revenue Manual, TAS could not issue a Taxpayer Assistance Order ("TAO") that compelled the IRS to withdraw a lien.

Plaintiffs sought a declaratory judgment "to determine the power and authority of the Office of the National Taxpayer Advocate to assist a taxpayer." Plaintiffs explained that they wanted the district court to do these two things:

[1]TAS is an Internal Revenue Service ("IRS") program that assist taxpayers with resolving problems with the IRS. Local taxpayer advocate offices report directly to the National Taxpayer Advocate ("NTA"). See 26 U.S.C. § 7803(c).

a. to determine whether the National Taxpayer Advocate has the authority to issue a Taxpayer Assistance Order prohibiting the Internal Revenue Service from filing a tax lien; and
b. to determine whether the National Taxpayer Advocate has the authority to issue a Taxpayer Assistance Order compelling the Internal Revenue Service to withdraw a lien.

Plaintiffs' complaint concluded by requesting that the district court enter an order "declaring that the Taxpayer Advocate has the authority to issue Taxpayer Assistance Orders as provided in 26 U.S.C. [§] 7811, and that the Internal Revenue Manual provisions purporting to deprive the Taxpayer Advocate of this statutory authority are void and of no effect."

The district court dismissed Plaintiffs' complaint for lack of subject matter jurisdiction.[2] On appeal, Plaintiffs challenge the district court's determination that it lacked jurisdiction over their complaint; but the government responds that Plaintiffs' appeal is moot because the NTA has confirmed that she has the authority to issue the kind of Taxpayer Assistance Orders described in Plaintiffs' complaint.

Because "[a] federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case

---

[2]In dismissing Plaintiffs' complaint, the district court cited 28 U.S.C. § 2201, which provides that, subject to limited exceptions, a court may issue a declaratory judgment "except with respect to Federal taxes."

before it," St. Pierre v. United States, 63 S.Ct. 910, 911 (1943), we must first address whether Plaintiffs' claims are moot. "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001); see also U.S. Const. art. III, § 2. "The case or controversy requirement must be met throughout the entirety of the proceedings." ACLU v. Florida Bar, 999 F.2d 1486, 1490 (11th Cir. 1993). Therefore, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 89 S.Ct. 1944, 1951 (1969). Mootness can occur because of a change in circumstances.[3] Coral Springs Street Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1328 (11th Cir. 2004).

Here, events that occurred after Plaintiffs filed their complaint for a declaratory judgment deprive us of the ability to give Plaintiffs meaningful relief. All parties agree that, after the district court dismissed Plaintiffs' complaint, Plaintiffs received a letter from the National Taxpayer Advocate, Nina Olson. Olson's letter stated that the explanation provided to Plaintiffs by a local taxpayer

_____

[3]The mootness doctrine has three exceptions: (1) the issue presented is capable of repetition, yet evades review; (2) the appellant has taken all necessary steps to perfect the appeal and to preserve the status quo; and (3) the district court's order will have possible collateral legal consequences. Wakefield v. Church of Scientology, 938 F.2d 1226, 1229 (11th Cir. 1991). No party argues that these exceptions apply; and we do not see application of these exceptions here.

advocate -- which included the assertion that a TAO "may not be issued to direct an action that is solely within the discretion of another function, as is the case for the withdrawal of a lien" -- was "confusing." Olson's letter also stated that "the NTA is authorized to issue a TAO <u>requiring</u> Collection [of the IRS] to refrain from filing a notice of lien, to withdraw a notice of lien, or to release a lien, when the taxpayer meets the requirements for relief under the law." (emphasis added). In addition, Olson's letter explained, "Nothing in the Internal Revenue Manual restricts this statutory authority to issue a TAO."

We agree with the government that Olson's letter provides the declaration that Plaintiffs sought from the district court. By its plain language, Olson's letter explains that the NTA can -- through the issuance of a TAO -- require the IRS, among other things, (1) to file no notice of lien and (2) to withdraw a notice of lien. Olson's letter also explained that the Internal Revenue Manual did not limit the NTA's authority in this area. These statements were the precise determinations that Plaintiffs had sought in their complaint for a declaratory judgment; therefore, we cannot provide meaningful relief to Plaintiffs.[4] Plaintiffs'

---

[4]To the extent that Plaintiffs assert in their reply brief that their case is not moot because Plaintiffs may be denied a Taxpayer Assistance Order in the future if a Local Taxpayer Advocate does not apply the authority described in Olson's letter, we reject this argument. Plaintiffs have not argued that they are precluded from again seeking a TAO; and Plaintiffs can only offer speculation on how a Local Taxpayer Advocate will respond to another attempt to seek a TAO. We are not persuaded that Plaintiffs' claims offer a live issue that satisfies the case or controversy requirement of Article

appeal is moot; and we affirm the district court's dismissal of their complaint.[5]

See Bekier v. Bekier, 248 F.3d 1051, 1054 (11th Cir. 2001) ("If an event occurs during the pendency of an appeal that makes it impossible for this court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed.").

We **DISMISS** the appeal as moot, **VACATE** the judgment and **REMAND** with instructions to DISMISS the case as moot.

---

III of the Constitution. See Whitmore v. Arkansas, 110 S.Ct. 1717, 1724 (1990) ("Allegations of possible future injury do not satisfy the requirements of Art. III."); Powell, 89 S.Ct. at 1951.

[5]"[W]e may affirm the district court's decision on any adequate ground, even if it is other than the one on which the court actually relied." Parks v. City of Warner Robins, 43 F.3d 609, 613 (11th Cir. 1995).