# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2024

Lyle W. Cayce
Clerk

————————

No. 23-50287

————————

Denise H.; Mark H.; John H., by next friend Denise H. and Mark H.,

*Plaintiffs—Appellants*,

*versus*

Texas Education Agency; Keith Swink, *in his official capacity as Manager of Dispute Resolution, Texas Education Agency*; Mike Morath, *in his Official Capacity, Commissioner of the Texas Education Agency*; Jodi Duron, *in her official capacity as Superintendent of Elgin ISD*,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CV-816

———————————————————

Before Stewart, Clement, and Ho, *Circuit Judges*.

Per Curiam:*

John H., a young man with disabilities in the Elgin Independent School District, appeals the denial of relief under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 *et seq.* Because we

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

agree that John H. has already received or is not entitled to the relief he seeks, we affirm the district court's judgment that the claim is moot.

The facts of the case are as follows. The Texas Education Agency (TEA) found that the District did not provide John H. with a Free Appropriate Public Education (FAPE) under the IDEA. TEA ordered the District to comply with the statute. The District nevertheless failed to comply. When TEA found that no corrective action was needed, John H. requested an administrative hearing, which TEA denied. John H.'s parents, acting as next of friend, sued the District in federal court, seeking compliance with the IDEA, compensatory education for the time John H. was denied a FAPE, and attorney's fees. They also sued TEA for denying John H. a FAPE and appealed the denial of the administrative hearing. In addition to the above remedies, the plaintiffs requested "[a]ll such and further relief" to which they may be entitled.[1]

The plaintiffs settled with the District, which offered compensatory education and attorneys' fees. TEA moved for summary judgment on the claim against it, arguing that it was nonjusticiable because John H. had received the relief sought. The district court agreed and granted judgment in favor of TEA. The plaintiffs timely appealed.

We review a grant of summary judgment *de novo*, applying the same legal standards used by the district court. *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 877 (5th Cir. 2003). Summary judgment is appropriate "if the

---

[1] The plaintiffs' complaint also requested compensatory damages. The plaintiffs do not argue an entitlement to these damages on appeal, and we note that they are unavailable under the IDEA in any event. *See Luna Perez v. Sturgis Pub. Sch.*, 598 U.S. 142, 148 (2023) ("compensatory damages" are "a form of relief everyone agrees IDEA does not provide.").

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Federal courts lose jurisdiction to decide a case once that case becomes moot. *See United States v. Sanchez-Gomez*, 584 U.S. 381, 385–86 (2018) ("A case that becomes moot at any point during the proceedings is 'no longer a "Case" or "Controversy" for purposes of Article III,' and is outside the jurisdiction of the federal courts.") (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). "Mootness applies when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013).

The district court correctly concluded that it was no longer capable of providing meaningful relief to John H on the claim against TEA. John H. asked for educational services to compensate for the period he was denied a FAPE. His request was granted. Insofar as the plaintiffs now seek compensatory education from TEA, they have not shown that the services provided by the District are inadequate or that any requested services have yet to be provided. And insofar as they seek a declaratory judgment that TEA denied John H. a FAPE, they have not indicated that such a ruling would affect John H's rights. *See St. Pierre v. United States*, 319 U.S. 41, 42 (1943) ("A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it.").

Nor, under our precedents, does the possibility of attorney's fees keep the controversy justiciable. The plaintiffs claim they could be entitled to an award of attorney's fees, either via a declaratory judgment or reversal of the hearing denial. But attorney's fees are available when relief on a plaintiff's claim "materially alters the legal relationship between the parties by

modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). The plaintiffs have not alleged that the requested relief would modify TEA's behavior in a way that would benefit John H. Indeed, they have not pointed to any part of TEA's behavior toward John H. that needs modification. *See Salley v. St. Tammany Par. Sch. Bd.*, 57 F.3d 458, 468 (5th Cir. 1995) (refusing award of attorney's fees where IDEA plaintiff's "sole victory" was finding of a statutory violation).

Finally, the plaintiffs claim, for the first time on appeal, a potential entitlement to nominal damages. Because the plaintiffs have failed to preserve the issue, we need not address it. *See, e.g.*, *Hawse v. Page*, 7 F.4th 685, 691 n.8 (8th Cir. 2021) ("The complaint, however, did not seek nominal damages, and a boilerplate request for 'such other and further relief as the Court deems just and proper' is insufficient to preserve a claim for nominal damages.").

In short, the plaintiffs have failed to set forth any requested relief that John H. could be granted. Short of this showing, they have presented no justiciable controversy. We therefore affirm the district court.