**ATLANTIC SEABOARD CORP. et al. v. FEDERAL POWER COMMISSION et al.**

No. 6500.

United States Court of Appeals
Fourth Circuit.

Jan. 2, 1953.

Edward S. Pinney, New York City (Jack W. Robbins, Richard A. Rosan, New York City, C. E. Goodwin, Charleston, W. Va., and Cravath, Swaine & Moore, New York City, on the brief), for petitioners.

W. Russell Gorman, Atty., Federal Power Commission, Washington, D. C. (Bradford Ross, Gen. Counsel, Bernard A. Foster, Jr., Asst. Gen. Counsel, and Reuben Goldberg, Atty., Federal Power Commission, Washington, D. C., on the brief) for respondent Federal Power Commission.

James O. Watts, Jr., Lynchburg, Va., for respondents Commonwealth Natural Gas Corp. and Lynchburg Gas Co.

Stoddard M. Stevens, New York City (John Richardson, Jr., New York City, and C. Oscar Berry, Washington, D. C., on the brief), for respondent Washington Gas Light Co.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

The Federal Power Commission, after making in its brief the point that the order of April 25, 1952 sought to be reviewed "has no economic impact or other injury on petitioners", files a petition for rehearing because we sustained the point and remanded the case to the Commission with direction "to pass upon the tariffs filed September 7, 1951 and with leave to petitioners to apply thereafter for review of the Commission's actions, including any matter now involved in the proceeding before us which may then be material."

 The Commission complains that the effect of the remand will be to deprive petitioners of a review of the questions raised by their petition for review. If this were so, it would be a matter for complaint by petitioners and not by the Commission; but we do not think that the order of remand will have that effect. The right of review has been preserved by the petition filed and is not lost by the remand, the effect of which is to remit the whole matter to the Commission so that it may make any changes in the order that may be proper when passing upon the tariffs filed September 7, 1951. The orders entered at that time will determine whether or not the petitioners are aggrieved by the order entered April 25, 1952 and a petition to review such orders will present the questions raised by the present petition if they are then pertinent as well as other questions which may have arisen in the meantime. That there may be no question as to this, however, we have retained jurisdiction over the case and over these questions by the leave granted in the order of remand. The Commission suggests that we are without power to direct it to pass upon the tariffs filed September 7, 1951; but we unquestionably have such power as incident to our right to review its action on those tariffs as well as to review its order of April 25, 1952. See American Chain & Cable Co. v. Federal Trade Commission, 4 Cir., 142 F.2d 909.

The Commission says that the questions presented by the petition for review are of great public importance. This is true of many moot cases, but it furnishes no reason why courts should review them. This court will encourage no such piecemeal hearing of controversies as would result from reviewing the order of April 25, 1952 in advance of the Commission's passing upon the tariffs filed September 7, 1951, since it is manifest that that order can have no practical effect and will aggrieve no one until order is entered dealing with the tariffs filed September 7, 1951, and that the latter order may remove all ground of controversy from the case.

The petition for rehearing will be denied.

Rehearing denied.