### ALABAMA STATE BOARD OF EDUCATION et al., Appellants,

v.

### Gary Clinton DICKEY, Appellee.

### No. 25507.

United States Court of Appeals
Fifth Circuit.

May 10, 1968.

MacDonald Gallion, Atty. Gen., Leslie Hall, Asst. Atty. Gen., James Garrett, Montgomery, Ala., James Garrett, Rushton, Stakely, Johnston & Garrett, Montgomery, Ala., Leslie Hall, Asst. Atty. Gen. of the State of Alabama, Montgomery, Ala., for appellants.

Morris Dees, Jr., George Azar, Montgomery, Ala., for appellee.

Prof. Roy Lucas, University, Ala., amicus curiæ.

Before BROWN, Chief Judge, DYER, Circuit Judge, and GARZA, District Judge.

PER CURIAM:

This case raises serious First Amendment constitutional questions regarding the power of a college in the Alabama State University system (Troy State College) to deny readmittance to a student newspaper editor who refused to follow a faculty advisor's instructions to publish an approved editorial in a student newspaper, but instead substituted and published on his own an unauthorized substitute editorial. The Trial Judge ordered Appellant Alabama State Board of Education to readmit Appellee Dickey. Since that time Dickey, in opposing Appellant's motion to expedite the hearing of this case, signed an affidavit stating that he has no intention of ever returning to Troy State College.[1] As this raised a substantial question of mootness, Dickey submitted an affidavit after oral argument in this appeal in which he seeks to withdraw his previous affidavit by stating that he may wish to (but is not certain) reenter Troy State next fall.[2]

1. "I filed suit in August 1967 to force Troy State College to readmit me as a student for the September 1967 term. I had been denied readmission because of an editorial I wrote while an editor of the Troy State College student newspaper. During the course of the trial, and immediately thereafter, it became apparent the President of Troy State College and his officials would make it difficult on me if I returned. Dr. Rigsby, Professor of Science Education at Troy State College, advised me not to return to Troy State College because the Troy State College officials would make it hard on me and would be looking for a reason to kick me out. I also found out since that Troy State College President, Ralph Adams, was a George Wallace appointee and was in California helping Wallace get on the California ballot. My editorial was critical, indirectly, of former Governor George Wallace.

"I applied for admission at Auburn University and was accepted. I am a senior and plan to graduate from Auburn.

"I do not plan to ever attend Troy State College or to ever apply for admission to Troy State College."

2. "I, Gary C. Dickey, hereby withdraw my affidavit filed with this Court on February 1, 1968. I am presently uncertain whether I may risk returning to Troy State University. Moreover, I was unable to transfer one entire quarter of credits from Troy State and may therefore transfer in the fall in order to graduate at an earlier date. If, after full investigation of the possibilities of my being able to attend Troy without undue

With the case in this posture, uncertainty exists as to whether a case or controversy, which is a requisite to judicial determination,[3] is present. Until it is postpone a final determination of that certain just what the situation is, we issue until September at which time Dickey will have presumably made up his mind. The parties are directed to advise the Court by appropriate affidavit or otherwise of the facts as of that time, no later than September 15, with appropriate memoranda pro and con. The Court reserves the right to determine at such time whether there is a need for further facts or to prescribe the procedure by which the facts can be ascertained as to the *bona fides* of Dickey's determination, if any, either to seek or not to seek readmission to Troy State.

harassment, I decide to return in the fall, I will inform this court immediately. At present I plan to make this decision at some date in September."

3. U.S.Const. art. III § 2.