398 F.2d 281
 John F. LEBUS, Regional Director of the Fifteenth Region of
the National Labor Relations Board, for and on
Behalf of the NATIONAL LABOR RELATIONS
BOARD, Appellants,
v.
SEAFARERS' INTERNATIONAL UNION OF NORTH AMERICA, ATLANTIC,
GULF, LAKES AND INLAND WATERS DISTRICT, AFL-CIO,
et al., Appellees.
 No. 25689.
 United States Court of Appeals Fifth Circuit.
 July 22, 1968.
 
 Dominick L. Manoli, Associate Gen. Counsel, Julius G. Serot, Asst. Gen. Counsel, Stanley A. Mestel, N.L.R.B., Washington, D.C., Thomas D. Johnston, New Orleans, La., Arnold Ordman, Gen. Counsel, for appellants.
 Benjamin W. Yancey, Wm. E. Wright, C. Paul Barker, New Orleans, La., Howard Schulman, New York City, for appellees.
 Before JOHN R. BROWN, Chief Judge, and AINSWORTH and GODBOLD, Circuit judges.
 JOHN R. BROWN, Chief Judge:
 
 
 1
 This case came to us on appeal from a District Court order denying an injunction under 10(l) of the National Labor Relations Act.[1] While the case was under submission to this Court, the contest between competing unions was disposed of by high level union adjudication. The NLRB and the SIR Unions[2] have moved to dismiss the appeal as moot. We find the case moot, vacate the order below, and remand the case to the District Court with directions to dismiss the proceedings as moot.
 
 
 2
 The Regional Director of the Board sought an injunction against a strike by the SIU Unions following an investigation of unfair labor practice charges alleging that the SIU Unions had engaged in conduct violating 8(b)(4)(D) of the Act,[3] dealing with jurisdictional disputes. The alleged unfair practices arose when the Marine Engineers Beneficial Association (MEBA) placed two apprentice engineers aboard vessels belonging to Delta Steamship Lines. Delta had an exclusive collective bargaining agreement with Seafarers' International Union of North America, Atlantic, Gulf, Lakes and Inland Waters District, AFL-CIO (A&G) for hiring unlicensed personnel, and a similar agreement with MEBA for hiring licensed engine room personnel. By supplemental agreement, Delta and MEBA included 'apprentice engineers' in the Delta-MEBA contract.
 
 
 3
 The SIU Unions then demanded the discontinuance of the employment of unlicensed apprentice engineers and refused to man Delta's ships. The ships were struck and the fleet was tied up. On complaint from Delta-- now caught in the middle of this organized dispute in organized seafaring labor-- the NLRB sought an injunction pending termination of proceedings under 10(k) of the Act.[4]
 
 
 4
 After an extensive hearing the District Judge denied the injunction and the Director appealed. Subsequent to the submission of the case to this Court on oral argument, the Executive Council of the AFL-CIO having internal union power over constituent unions ruled against MEBA and upheld the finding of the Impartial Umpire that MEBA had interfered with the established bargaining relationship between the SIU Unions and Delta. Thereafter MEBA advised Delta that it was acquiescing in this determination and that the two apprentice engineers were being removed from Delta's vessels.
 
 
 5
 On this Court's request for briefs on mootness the Board took official action as the basis for its counsels' response to this Court. By formal action with notice to all parties the Board quashed the notice of hearing under 10(k). The effect of quashing the notice of hearing is to finally terminate the proceedings under 10(k). The Board has advised this Court that termination of the 10(k) proceedings necessarily requires dismissal of the unfair labor practice charges, and that those charges would be dismissed. With the fall of the 10(k) proceedings all else falls including the injunction sought under 10(l) of the Act since it is limited to the period pending the Board's final disposition of the unfair labor practice charges.[5] There being nothing before the Board now to hear and determine and hence no need to preserve any status pending Board action, the Court proceedings are moot.
 
 
 6
 To this Delta objects because, so it advises the Court, it has been unable to get MEBA to make any commitment beyond removing the apprentice engineers from Delta's vessels. Delta therefore urges us to decide the case on the merits. Although the particular dispute which gave rise to the problems may remain as a threat to the future the Board proceedings are fully terminated. There is no need for interim ancillay protective orders and no power in the court, trial or appellate, to resolve these issues apart from Board proceedings. Consequently this Court (as is the trial court) is without power to proceed to the merits.
 
 
 7
 The result is, so the Board urges, in dismissing the appeal as moot, we must vacate the judgment below and remand the case to the District Court with an order to dismiss the action as moot. The SIU Unions, on the other hand, contend that since the case has become moot, the Court lacks jurisdiction to do anything but dismiss the appeal. They further urge that by vacating the judgment below, we somehow render an advisory opinion that the District Judge was wrong which would offset what they hope is an advisory opinion that the Judge was right. That is just the evil we seek to avoid. We intimate no opinion on the merits, nor would it be proper for us to do so-- there now being no case or controversy. All is effectually extinguished.
 
 
 8
 This is the time honored, invariable practice in the Federal system. Where an appeal is dismissed by reason of mootness, the appellate court is to vacate the decision below and direct that it be dismissed for mootness, so that it will spawn no legal consequences.[6]
 
 
 9
 The upshot is that the judgment below is vacated and the case remanded to the District Court with directions to dismiss the proceedings as moot.
 
 
 10
 Vacated, remanded with directions.
 
 
 
 [1]
 29 U.S.C.A. 160(l)
 
 
 [2]
 The striking Unions were: Seafarers' International Union of North America, Atlantic, Gulf, Lakes and Inland Waters District, AFL-CIO, and Seafarers' International Union of North America, AFL-CIO. The conflict was with the Marine Engineers Beneficial Association (MEBA)
 
 
 [3]
 29 U.S.C.A. 158(b)(4)(D)
 
 
 [4]
 29 U.S.C.A. 160(k)
 
 
 [5]
 29 U.S.C.A. 160(l)
 
 
 [6]
 United States v. Munsingwear, Inc., 1950, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36
 'The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss. That was said in Duke Power Co. v. Greenwood County, 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81 L.Ed. 178 (182), to be 'the duty of the appellate court.' * * * Our supervisory power * * * is commonly utilized in precisely this situation to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences.'
 340 U.S. 36, 39-41, 71 S.Ct. 104, 106-107, 95 L.Ed. 36, 41-42, A.L. Mechling Barge Lines, Inc. v. United States and Interstate Commerce Commission, 1961, 368 U.S. 324, 329-330, 82 S.Ct. 337, 340-341, 7 L.Ed.2d 317, 321-322; J. Aron & Co. v. Mississippi Shipping Co., Inc., 1959, 361 U.S. 115, 80 S.Ct. 212, 4 L.Ed.2d 148, 238, 1960 A.M.C. 247; St. Louis-San Francisco Railway Co. v. Railroad Yardmasters of America, 5 Cir., 1965, 347 F.2d 983, 984.