**TROY STATE UNIVERSITY and Board of Trustees, Troy State University, Appellants,**

v.

**Gary Clinton DICKEY, Appellee.**

**No. 25507.**

United States Court of Appeals
Fifth Circuit.

Oct. 21, 1968.

---

MacDonald Gallion, Atty. Gen., Leslie Hall, Asst. Atty. Gen., James Garrett, Montgomery, Ala., for appellants.

Roy Lucas, New York City, for appellee, and for the American Assn. of University Professors, American Civil Liberties Union, U. S. Nat. Student Assn., U. S. Student Press Assn., and Alabama Assn. of Student Body Presidents, as amici curiae (Morris Dees and George Azar, Montgomery, Ala., on the brief).

Before BROWN, Chief Judge, DYER, Circuit Judge, and GARZA, District Judge.

DYER, Circuit Judge:

When this case was originally before us [1] we found that "uncertainty exists as to whether a case or controversy, which is a requisite to judicial determination, is present." [2] Therefore we postponed a final determination of that issue until September, 1968, and directed the parties to advise the Court of the facts as of that time. The parties have responded. Concluding, as we do, that the case is moot, a brief restatement of the facts will suffice.

---

1. Alabama State Board of Education v. Dickey, 5 Cir. 1968, 394 F.2d 490.

2. Id. at 492 (footnote omitted).

Troy State University of Troy, Alabama, denied readmittance to Dickey, a student newspaper editor who had refused to follow a faculty advisor's instruction to publish an approved editorial in a student newspaper and instead substituted and published on his own an unauthorized editorial headline followed by a white box with the word "CENSORED" printed diagonally across it. Dickey challenged the action of the school on the ground that his First and Fourteenth Amendment rights had been violated. The trial judge ordered the school to re-admit Dickey.

At the time of oral argument Dickey had filed conflicting affidavits concerning his desire to return to Troy State to complete his collegiate work. In response to this Court's direction, he has now filed an affidavit that he does not plan to re-enter that university.

Notwithstanding that the only relief sought by Dickey was to require the University's Trustees to re-enroll him at Troy State—relief which he now does not seek—both parties decline to press the mootness question and urge us to reach the merits.

■ The parties cannot, of course, by stipulation or agreement enlarge the power or affect the duty of this Court to make inquiry into and decide the question of mootness. Barr v. Matteo, 1957, 355 U.S. 171, 78 S.Ct. 204, 2 L.Ed.2d 179; Sprekels Sugar Co. v. Wickard, D.C.Cir. 1941, 75 U.S.App.D.C. 44, 131 F.2d 12. Anything which bears upon this question is a proper subject for the Court's consideration. Hunt Oil Co. v. Federal Power Commission, 5 Cir. 1962, 306 F.2d 359, 361. Bearing in mind that the "issue posed should be real and substantial and not merely academic or speculative," Fair v. Dekle, 5 Cir. 1966, 367 F.2d 377, 378, it seems obvious that this case has become moot because this Court cannot be called upon "to decide arguments after events have put them to rest," Doremus v. Board of Education, 1952, 342 U.S. 429, 433, 72 S.Ct. 394, 396, 96 L.Ed. 475, 479, and there is

no longer a subject matter upon which the judgment of this Court can operate. St. Pierre v. United States, 1943, 319 U.S. 41, 42, 63 S.Ct. 910, 911, 87 L.Ed. 1199; cf. Singleton v. Board of Commissioners of State Institutions, 5 Cir. 1966, 356 F.2d 771.

■ Both parties attempt to demonstrate the dire consequences that may follow unless we decide the issues presented on appeal. We are not persuaded to bypass the question of mootness for this reason. Many cases present questions of great public importance, but if they become moot the courts must nonetheless refuse to review them. See Atlantic Seaboard Corp. v. Federal Power Commission, 4 Cir. 1953, 200 F.2d 796, 797. No matter how much the parties may desire the adjudication of important questions of constitutional law, "broad considerations of the appropriate exercise of judicial power prevent such determinations unless actually compelled by the litigation before the Court." Barr v. Mateo, supra, 355 U.S. at 172, 78 S.Ct. at 205.

■■ We find no merit in the parallel contention of the parties that our failure to pass upon the merits would sustain the trial court's reasoning as a precedent in cases involving an institution's power to require political orthodoxy of its student newspaper editors. The effect of vacating the judgment below is to take away from it any precedential effect. Tyson v. Cazes, 5 Cir. 1966, 363 F.2d 742, 744. As Chief Judge Brown recently said:

They further urge that by vacating the judgment below we somehow render an advisory opinion that the District Judge was wrong which would offset what they hope is an advisory opinion that the Judge was right. That is just the evil we seek to avoid. We intimate no opinion on the merits, nor would it be proper for us to do so—there now being no case or controversy. All is effectually extinguished.

This is the time honored, invariable practice in the Federal system. Where an appeal is dismissed by reason of mootness, the appellate court is to vacate the decision below and direct that it be dismissed for mootness, so that it will spawn no legal consequences.[3]

Finally, by juxtaposing the plaintiff and the defendant the parties attempt to analogize this case with those where the court has acted even though there previously had been a voluntary cessation of illegal conduct.[4] And they would have us draw a comparison between this case and the right of a discharged felon to a review of the constitutionality of his conviction and sentence because of the detriment of a prison record.[5] These cases are plainly inapposite. In the voluntary cessation cases the court continued to act to prevent future violations, because otherwise the defendant would be free to return to his old ways. The controlling facts here are not that the University voluntarily changed its policy but that Dickey, by his own action, is now unaffected by it. In *Carafas* the Court pointed out that the petitioner suffered disabilities and burdens which would result from his conviction and he therefore had " 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed upon him.' " 391 U.S. at 237, 88 S.Ct. at 1559, quoting Fiswick v. United States, 329 U.S. 211, 222, 67 S.Ct. 224, 91 L.Ed. 196 (1946). In these cases, unlike the case *sub judice*, there remained a subject matter on which the judgment of the Court could operate.

We are convinced that this case is moot. The judgment below is vacated and the case remanded to the District Court with directions to dismiss the proceedings as moot.

Vacated, remanded with directions.

---

3. Lebus v. Seafarers' Int'l Union, 5 Cir. 1968, 398 F.2d 281, 283 (footnote omitted).

4. United States v. W. T. Grant Co., 1953, 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303, and its progeny: Gray v. Sanders, 1963, 372 U.S. 368, 83 S.Ct. 801, 9 L.Ed. 2d 821; Anderson v. City of Albany, 5 Cir. 1963, 321 F.2d 649; and City of Montgomery, Ala. v. Gilmore, 5 Cir. 1960, 277 F.2d 364. See also Pullum v. Greene, 5 Cir. 1968, 396 F.2d 251 (1968), and Lewis v. Housing Authority of Talladega, 5 Cir. 1968, 397 F.2d 178 (1968).

5. Carafas v. La Vallee, 1968, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554.