**NATIONAL LAWYERS GUILD, UNIVERSITY OF TEXAS CHAPTER, et al., Plainitiffs-Appellants,**

v.

**BOARD OF REGENTS OF the UNIVERSITY OF TEXAS SYSTEM et al., Defendants-Appellees.**

No. 73–1623.

United States Court of Appeals, Fifth Circuit.

March 6, 1974.

Rehearing and Rehearing En Banc Denied April 4, 1974.

James M. Simons, Cameron M. Cunningham, John Howard, Austin, Tex., for plaintiffs-appellants.

John L. Hill, Atty. Gen. of Texas, Roland Allen, W. O. Shultz II, Asst. Attys. Gen., Austin, Tex., for defendants-appellees.

Before BROWN, Chief Judge, and GEWIN and GOLDBERG, Circuit Judges.

PER CURIAM:

This suit was filed in the District Court to obtain a mandatory injunction requiring the University officials to permit a large meeting of approximately one thousand persons of the National Lawyers Guild, a non-campus group, to be held at the student union February 16–19, 1973. Presumably, it was also to test the constitutional validity of certain Board of Regents' rules requiring co-sponsorship by an Assistant Dean of the appropriate college (here, the College of Law) for a non-campus group. No such co-sponsorship was sought or denied.

The time for the meeting has long since gone by and there is no indication that there now is, or will be, a real case or controversy as to which these plaintiffs have adequate standing to challenge the co-sponsorship requirement or the need for injunctive relief. The case as posed is moot. The judgment of the District Court is therefore vacated and the case remanded to dismiss as moot so the case will not spawn any precedential consequences. United States v. Munsingwear, Inc., 1950, 340 U.S. 36, 71 S. Ct. 104, 95 L.Ed. 36; St. Pierre v. United States, 1943, 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199; Troy State University v. Dickey, 5 Cir., 1968, 402 F.2d 515, 516–517; New Left Educ. Project v. Board of Regents, 5 Cir., 1973, 472 F.2d 218, 221; Lebus, Regional Director v. Seafarers' Int'l Union, 5 Cir., 1968, 398 F.2d 281, 283; United States v. West Gulf Maritime Ass'n, 5 Cir., 1972, 460 F.2d 1231. And see especially our very recent decision United States Servicemen's Fund v. Killeen Independent School District, 5 Cir., 1974, 693 F.2d 489.