Susie E. **MONTANO**, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

**LOMAS PAINT AND BODY SHOP, INC.,**
a New Mexico corporation, et al.,
Defendants.

**Civ. A. No. 10479.**

United States District Court,
D. New Mexico.

April 15, 1974.

Cameron R. Graham, Joseph F. Canepa, Albuquerque, N. M., for plaintiffs.

Joe A. Sturges, Menig, Sager & Sturges, Albuquerque, N. M., for Lomas Paint & Body and Clayton P. Shinn.

F. Scott MacGillivray, Asst. Atty. Gen., Santa Fe, N. M., for magistrate judges.

Poole, Tinnin, Danfelser & Martin, Albuquerque, N. M., for amicus curiae New Mexico Automotive Dealers Assn.

Before SETH, Circuit Judge, PAYNE, Chief District Judge, and BRATTON, District Judge.

MEMORANDUM OPINION AND FINDINGS

PER CURIAM.

. Plaintiff, Susie E. Montano, brings this Civil Rights Act suit, 28 U.S.C. § 1343, 42 U.S.C. § 1983, on behalf of herself and "all others similarly situated," Fed.R.Civ.Proc. 23(a), (b)(2), against the Lomas Paint and Body Shop, Inc., a New Mexico corporation, and its president, Clayton P. Shinn, as well as against the above named judges of the Magistrate Court of Bernalillo County, New Mexico. She seeks a declaration from this three-judge court, 28 U.S.C. §§ 2201, 2202, 2281 and 2284, that the New Mexico Mechanics' and Garageman's Lien statutes, New Mexico Statutes Annotated, §§ 61–3–1 and 61–3–17 (1953) (Repl.1960, Supp.1973), and the criminal enforcement statute, New Mexico Statutes Annotated, § 61–3–2.1 (1953) (Repl.1960, Supp. 1973), are in violation of the Fifth and Fourteenth Amendments to the United States Constitution and would have this court permanently enjoin the defendants from enforcing these provisions.

Mrs. Montano owned a 1970 Plymouth automobile which was involved in an accident. The car was taken to the Lomas Paint and Body Shop, Inc. for repair with the understanding, at least on Mrs. Montano's part, that the cost of repairs, apart from $140.40 which she agreed to pay for the repair of preexisting damage not covered by the accident, would

be paid for by the other party to the accident.

She was informed by the body shop that she would not be able to regain possession of her car until she had paid approximately $1,050.00, the entire cost of repairing the vehicle. She then made demand upon the defendants for the return of her car, upon payment of the $140.40 that she had agreed to pay. The defendants refused, relying on the New Mexico Mechanic's and Garageman's Lien statutes for their retention of the car.

It is uncontroverted that Mrs. Montano was not given notice nor an opportunity to be heard prior to the defendants' retention of and refusal to relinquish the car under the purported authority of the Mechanic's and Garageman's Lien statutes.

A temporary restraining order was entered in this action restraining the defendants from keeping possession of Mrs. Montano's car, and ordering them to return the car to her pending the further outcome of these proceedings.

Thereafter the defendants filed their motion to dismiss this action. Attached was Mr. Shinn's affidavit to the effect that the body shop had been paid in full for all repairs to Mrs. Montano's vehicle, and that the shop did not claim any interest in the vehicle.

Thus, at present Mrs. Montano has her car and the defendant shop asserts no claim to it. The initial reason for plaintiff regaining possession of the automobile was the temporary restraining order, and this taken alone would not raise any questions as to whether the case was moot or not. However, the shop is now asserting no interest in the car, and it thus appears that the case is moot.

The plaintiff asserts that this is one of those cases which is "capable of repetition, yet evading review," Southern Pacific Terminal Co. v. Interstate Commerce Comm'n, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310, or comes within the "voluntary cessation" doctrine, United States v. W. T. Grant Co., 345 U.S. 629,

73 S.Ct. 894, 97 L.Ed. 1303. This argument is not persuasive, however.

The statutes' application is of course capable of repetition, including retention of possession by the mechanic; however, the very likelihood of repetition indicates that the practice is one which by its very nature would not tend to evade review in the courts. The possibility of plaintiff's car being again retained, if not by the defendant body shop or by some other mechanic, under the lien statutes, is too speculative. "Such a result is possible only if a number of factors coalesce." Sanks v. Georgia, 401 U.S. 144, 91 S.Ct. 593, 27 L.Ed.2d 741. There are entirely too many such factors to consider or circumstances to bring this case within Southern Pacific Terminal Co. v. Interstate Commerce Comm'n, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310. In the words of the Supreme Court in Hall v. Beals, 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214, "such speculative contingencies afford no basis for our passing on the substantive issues" that the plaintiff would have us decide. Similarly, she cannot represent a class of which she is not a part.

While it does appear that the defendant body shop "voluntarily" ceased its claim to the car, it did so not out of any desire to avoid a decision on the merits by this court, but because it had been paid for its labor. See Bingham v. Yingling Chevrolet Co., 297 F.2d 341 (10th Cir.). Thus plaintiff no longer has a personal stake in the outcome, she has her automobile, and the body shop has its money. These same considerations apply in determining whether, under Fed.R.Civ.P. 23(a)(4), the representative plaintiff "will fairly and adequately protect the interests of the class." See Hall v. Beals, 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214.

We recognize that the substantive issues presented for resolution are of importance, but as the United States Court of Appeals for the Fifth Circuit said in Troy State University v. Dickey, 402 F. 2d 515 (5th Cir.), "[m]any cases present questions of great public importance, but if they become moot the

courts must nonetheless refuse to review them."

The fact that the plaintiff's amended complaint asserts a cause of action for damages for the wrongful retention of her car does not change this result. There was no evidence produced of such damage.

The same principles apply to require the dismissal of this suit against the defendant Magistrate Judges. Not only was there no allegation that a criminal prosecution under New Mexico Statutes Annotated, § 61–3–2.1 (1953), Repl.1960, Supp.1973, had been threatened against Mrs. Montano, but the fact that the case is now moot as against the body shop and its president requires, a fortiori, the conclusion that the case is moot as against the Magistrate Judges. *Cf.* O'Shea v. Littleton, 414 U.S. 488, 94 S. Ct. 669, 38 L.Ed.2d 674 (1974).

The complaint and the action are dismissed.

It is so ordered.