**UNITED STATES SERVICEMEN'S FUND et al., Plaintiffs-Appellants,**

**v.**

**KILLEEN INDEPENDENT SCHOOL DISTRICT et al., Defendants-Appellees.**

**No. 73-1591.**

United States Court of Appeals, Fifth Circuit.

Feb. 13, 1974.

Rehearing and Rehearing En Banc Denied April 16, 1974.

James M. Simons, Austin, Tex., for plaintiffs-appellants.

Bob Burleson, Jim D. Bowmer, Temple, Tex., for defendants-appellees.

Before WISDOM, AINSWORTH and GEE, Circuit Judges.

PER CURIAM:

In August 1971 the United States Servicemen's Fund (USSF) applied to the Superintendent of Schools of Killeen Independent School District to use the

high school auditorium in Killeen, Texas, to present a theatrical production on September 18, 1971. The USSF, according to the complaint, is a non-profit corporation "concerned with the welfare of persons who are serving or have served with the military". The performance, including skits, songs, and readings, some by well-known entertainers, was intended primarily for the soldiers at nearby Fort Hood. A representative of the USSF described the show as a "political satire on the war in Southeast Asia". It was a "counter-USO show", presenting "ideas against U. S. military involvement in Southeast Asia, and reflect[ing] upon the 'liberalization policies' of the Army".

On August 10, 1971, the School Board denied use of the auditorium to the USSF. The USSF and three individuals who alleged that they desired to attend the performance then sought in federal court a declaratory judgment and a preliminary injunction restraining the Killeen Independent School District from discriminating against the USSF and the individual plaintiffs because of their ideas and beliefs and enjoining the Board to make available the auditorium to the USSF. The court denied the preliminary injunction, and the USSF applied to this Circuit for a summary reversal and a preliminary injunction pending appeal. By order of an emergency panel on September 17, 1971, this Court denied the application, adding:

> "[T]he parties are advised that the court considers that the mere passing of September 18, 1971 without performance being held does not moot the case so far as the underlying issues on the constitutionality of the standards and their application by the public authorities are concerned."

United States Servicemen's Fund v. Killeen Independent School District, 5 Cir. 1971, No. 71–2787.[1] The district court entered final judgment on December 21, 1972, denying all relief.

■ We do not deviate from the opinion of this Court in 1971 that the "mere passing" of September 18, 1971, without a USSF performance in the Killeen High School auditorium did not moot the questions raised. The combined circumstances, however, convince us nevertheless that the appeal must now be dismissed as moot.

Not only has the date for the performance passed, but from the American viewpoint so has the conflict in Southeast Asia. The USSF does not allege that it desires to use the Killeen High School auditorium for any purpose in the future. Thus we are faced with a situation where we can see no real and immediate controversy between the parties.

The USSF has not transcended the particularized, no-longer-existing, fact situation from which this suit arose. Most important, the USSF did not attempt to bring a class action on behalf of itself and other organizations that might seek to bring similar "political" shows to Killeen High School. See Brockington v. Rhodes, 1969, 396 U.S. 41, 43, 90 S.Ct. 206, 24 L.Ed.2d 209.

■ That the complaint seeks declaratory relief does not save the action. Whether in actions for declaratory judgment or other relief, federal courts established under Article III of the Constitution do not render advisory opinions. United Public Mine Workers v. Mitchell, 1947, 330 U.S. 75, 89, 67 S.Ct. 556, 91 L.Ed. 754. The test is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Casualty Co. v. Pacific Coal & Oil Co., 1941, 312 U.S. 270, 273, 61 S.Ct.

---

1. The panel was composed of Brown, Chief Judge, and Ingraham and Roney, Circuit Judges. Judge Roney concurred in the denial of the application but took no stand on the mootness issue.

510, 512, 85 L.Ed. 826. The unlikelihood that the same relevant circumstances will again throw the USSF and the Killeen School Board into conflict precludes us from finding that there is "sufficient immediacy and reality" here to justify a declaratory judgment. See Golden v. Zwickler, 1969, 394 U.S. 103, 109, 89 S. Ct. 956, 22 L.Ed.2d 113.

Dismissed as moot.