**Brett MERKEY and Young Socialist Alliance, Plaintiffs-Appellants,**

v.

**The BOARD OF REGENTS OF the STATE OF FLORIDA, etc., et al., Defendants-Appellees.**

No. 72-3231.

United States Court of Appeals, Fifth Circuit.

May 10, 1974.

Rehearing and Rehearing En Banc Denied June 11, 1974.

Michael F. Cycmanick, Jerome J. Bornstein, American Civil Liberties Union of Fla., Orlando, Fla., for plaintiffs-appellants.

Robert D. Bickel, Gen. Counsel, Fla. State Univ., Herbert D. Sikes, State Bd. of Educ., Stephen M. Slepin, Tallahassee, Fla., for defendants-appellees.

Before BELL, GOLDBERG and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal was taken from an opinion and order in which the district court upheld the right of Florida State Uni-

versity (FSU), a member of the state-supported university system of the State of Florida, to refuse recognition as a student organization to the Young Socialist Alliance (YSA). Merkey v. Board of Regents, N.D.Fla.1972, 344 F. Supp. 1296. Appellant, Brett Merkey, and one other, Jack Lieberman, filed a petition for recognition on behalf of YSA in March of 1970. That petition was denied on the basis of a determination by Chairman Kibler of the Board of Regents, the governing body of the university system,[1] that YSA, because of its dedication to the principle of revolution, had no place on a college campus and would not be entitled to official recognition on campuses of state universities in Florida.

Suit was filed in the district court challenging this denial on First, Fifth, and Fourteenth Amendment grounds. Though the suit was initially filed as a class action on behalf of all groups of students required to seek official recognition as student organizations in state-supported schools, the district court denied class standing on grounds (1) that the plaintiff Merkey was not a student at the time that the suit was filed and hence not a member of the class he purported to represent, and (2) that each group applying for recognition would have to be considered on its individual merits and would thus pose differing questions of fact inappropriate to class actions. The denial of class standing *is not challenged* on this appeal.

■ During oral argument it was agreed by counsel in response to a question from the bench that neither the appellant, Merkey, nor his co-applicant, Lieberman, were students at FSU. As non-students they can have no interest in whether or not any student organization is allowed recognition on university campuses of Florida. Hence, Merkey[2] is beyond the impact of any decision that this Court could render on this appeal. No present FSU student is shown by the record to seek recognition for YSA as an official student organization. In these circumstances and absent any appeal from the denial below of class action status, the appeal is moot. We therefore do not consider the merits. North Carolina v. Rice, 1971, 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413. The Court noted in *Rice*:

> "Early in its history, this Court held that it had no power to issue advisory opinions, and it has frequently repeated that federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them. To be cognizable in a federal court, a suit ' . . . must be a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. (citations omitted).' " 404 U.S. at 246, 92 S.Ct. at 404, 30 L.Ed.2d at 415–416.

Cf. United States Servicemen's Fund et al. v. Killeen Independent School District et al., 5 Cir. 1974, 489 F.2d 693, recently dismissed as moot by this Court.

■ So that the district court judgment will not stand as a barrier to reapplication by students who might wish to seek recognition of YSA, or engender any other precedential consequences, it is vacated and this cause is remanded with directions that it be dismissed as moot. United States v. Munsingwear, 1950, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36; National Lawyers Guild v. Board of Regents, 5 Cir. 1974, 490 F.2d 97; New Left Education Project v. Board of Regents, 5 Cir. 1973, 472 F.2d 218.

Vacated and remanded.

GOLDBERG, Circuit Judge (dissenting):

Abandoning the sometimes turbulent but relatively well-charted waters of jus-

---

1. See Fla.Stat. (1971) §§ 240.001 and 240.-042(2) F.S.A.

2. The sole individual appellant. Lieberman did not participate other than as a witness in the proceedings below.

ticiability, the majority opinion in this case plunges into murky new depths of judicial abdication. Because I am unwilling to accompany my Brothers on this dangerous and unwise journey, I respectfully dissent.

In response to defendants-appellees' initial challenge to plaintiff-appellant Merkey's standing, the trial court held that Merkey "possessed the requisite interest in the outcome of this litigation *as a member of Young Socialist Alliance* so as to have a justiciable interest in its outcome." Merkey v. Board of Regents, N.D.Fla.1972, 344 F.Supp. 1296, 1303 (emphasis added). Appellees have not challenged that holding on appeal, and I think it is clearly correct. As a member of YSA, Merkey has certainly alleged "that the challenged action has caused him injury in fact . . . ." Association of Data Processing Service Organizations v. Camp, 1970, 397 U.S. 150, 152, 90 S.Ct. 827, 829, 25 L.Ed.2d 184, 187.

The Supreme Court in *Data Processing* emphasized that apart from the "case" or "controversy" test, the question of standing concerns "the question whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected . . . by the statute or constitutional guarantee in question." 397 U.S. at 153, 90 S.Ct. at 830, 25 L.Ed.2d at 188. The Court also recognized that standing may stem from an injury to noneconomic values, such as those arising from the First Amendment. 397 U.S. at 154, 90 S.Ct. at 830, 25 L.Ed.2d at 188.

Merkey has alleged that the action of the appellees in refusing to recognize the YSA as a campus organization denies the plaintiffs, including the organization itself, certain First Amendment rights as well as rights of procedural due process and equal protection of the law. Although the YSA has both student and non-student members, the action of defendants-appellees in denying recognition to the YSA was not based on the fact that the group has some non-student members. Merkey—who as a former student and employee of the university is certainly no officious, disinterested interloper—pursues this litigation as a member of the YSA, on its behalf.[1] The constitutional values he seeks to vindicate, especially freedom of speech and association, are shared by all members of the group, including the students. Proceeding as he is on behalf of the YSA, Merkey has a sufficient stake in the outcome of the controversy "to ensure that 'the dispute sought to be adjudicated will be preserved in an adversary context and in a form historically viewed as capable of judicial resolution.' Flast v. Cohen, 392 U.S. 83, 101, 88 S.Ct. 1942, 1953, 20 L.Ed.2d 947, 962." Sierra Club v. Morton, 1972, 405 U.S. 727, 732, 92 S.Ct. 1361, 1364, 31 L.Ed.2d 636, 641.

If, as I believe, the district court's holding on the issue of Merkey's standing is correct, I cannot understand the reasoning that leads my Brothers to conclude that the case is moot. "An issue becomes moot and hence no longer justiciable where as a result of intervening circumstances there are no longer adverse parties with sufficient legal interests to maintain the litigation." Hollon v. Mathis Independent School District, 5 Cir. 1974, 491 F.2d 92, 93, citing 6A Moore's Federal Practice ¶ 57.13 at 57–128 (2d ed. 1973). The exact contours

---

[1] The majority mentions the failure to appeal the trial court's denial of class action status. The named plaintiffs were Merkey and the YSA, although another member of the organization named Lieberman had joined with Merkey in making the original application for recognition on behalf of YSA. Plaintiffs sought to represent a class consisting of all students in state universities in Florida who are required to obtain official recognition for campus organizations. The trial court found that Merkey, as a non-student, was not a member of the class he purported to represent, and also concluded that the possibility of significant differences of fact and law made a class action unwise. This conclusion in no way affected the right of Merkey and the YSA to proceed on behalf of the members of that organization at Florida State University.

of the mootness doctrine may sometimes be shrouded in fog, but it takes no special lighthouse to recognize that in the instant case no intervening circumstances have reduced the adverse position of the parties or depreciated their legal interests in the litigation. The case stands in exactly the same posture today as it did the day it was filed.

Today, as then, Merkey is a member of the YSA, and a former employee and student at the university.[2] Today, as then, the YSA has student members, seeks recognition as a campus organization, and has been denied that recognition. There has been no subsequent remedial action. There has been no change in the procedures followed, and most significantly, there has been no change in the decision denying recognition to YSA. Under any interpretation of the words, there remains a "subject matter on which the judgment of this Court could operate." St. Pierre v. United States, 1943, 319 U.S. 41, 42, 63 S.Ct. 910, 911, 87 L.Ed. 1199, 1201; Troy State University v. Dickey, 5 Cir. 1968, 402 F.2d 515, 516.[3]

Neither the majority opinion nor my own study of the record in this case convinces me that there has been any fundamental change in the "particularized . . . fact situation from which this suit arose." United States Servicemen's Fund v. Killeen Independent School District, 5 Cir. 1974, 489 F.2d 693, 694. Nor have events put these arguments to rest. Doremus v. Board of Education, 1952, 342 U.S. 429, 72 S.Ct. 394, 396, 96 L.Ed. 475. For all I can determine, there continues to exist "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." North Carolina v. Rice, 1971, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413, 415–416, citing Aetna Life Insurance Co. v. Haworth, 1937, 300 U.S. 227, 240–241, 57 S.Ct. 461, 81 L.Ed. 617. I would, therefore, review the decision of the trial court on the merits.

Mootness is a jurisdictional precept, founded on the requirement of Article III of the Constitution that predicates the exercise of federal judicial power on the existence of a case or controversy. North Carolina v. Rice, *supra*. In *Killeen Independent School District, supra,*

2. The original YSA application was made in March 1970. The first complaint was filed in June 1970, but that cause was ultimately dismissed after this Court had reversed the trial court's dismissal for failure to state a claim. At the time of the YSA application and the filing of the suit, Merkey was a staff employee of the university. According to Merkey's deposition taken in May 1972, record at 66–67, his staff position was terminated for budgetary reasons in February 1972, or about the time plaintiffs' amended complaint was filed. I do not believe that any change in his employment status renders the case moot. He acted then, and continues to act, primarily on behalf of the organization itself and its members. If he has standing, the case cannot be moot. Moreover, the YSA itself remains a party to the action, and changes in Merkey's individual status can hardly affect the organization's position in the case.

In any event, it is clear to me that the majority believes that the case has become moot during the pendency of the appeal rather than between the time of application and the time of trial. In support of the or-

der to vacate and remand with instructions that the district court dismiss the case as moot, the majority cites United States v. Munsingwear, 1950, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36; National Lawyers Guild v. Board of Regents, 5 Cir. 1974, 490 F.2d 97, and New Left Education Project v. Board of Regents, 5 Cir. 1973, 472 F.2d 218. In all three cases something happened during the pendency of the appeal to render the controversy moot. I submit that nothing of the kind has happened here.

3. The *Dickey* case is instructive. There, plaintiff, a former student newspaper editor, challenged the refusal of the university to readmit him for the fall semester because of his refusal to follow instructions to publish a certain editorial. Because he subsequently decided not to re-enroll in the university, the only relief he had sought, this court concluded that the case had become moot. Here, by contrast, the change in Merkey's individual status as student has occasioned no change in the relief being sought, recognition of the YSA, and has done nothing to alter the concreteness of the fundamental controversy between the parties.

and National Lawyers Guild v. Board of Regents, 5 Cir. 1974, 490 F.2d 97, this Court went to the nethermost reaches of legitimate non-justiciability. Today the Court passes the last milepost of mootness as a constitutional command, and makes it what it was most certainly never meant to be—a haven for indecision.